UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ORIGINAL**

NORTHERN DISTRICT OF TEXAS
FILED
DEC 1 2 2024
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| UNITED STATES OF AMERICA | |
|---|---|
| VS | |
| KALEB LAYNE NIX | 4:24-CR-129-P(01) |

## ORDER SETTING ADDITIONAL TERMS OF SUPERVISED RELEASE

The required Mandatory Conditions listed at 18 U.S.C. § 3583(d) and Section 5D1.3(a) of the Guidelines Manual, including:

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)

5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)

6. ☐ You must participate in an approved program for domestic violence. (check if applicable)

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (check if applicable)

8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

AND

The discretionary Standard Conditions set forth by Miscellaneous Order No. 64, as well as the below-listed "Discretionary," "Special," and "Additional" Conditions listed at Sections 5D1.3(b), (d), and (e) of the Guidelines Manual—which, based on the facts and circumstances of the above-referenced case, are (A) reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (B) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in Section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (C) consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a) ("Notice"):

Recommendation

1. The defendant shall have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer. (Macro 24CFW)

2. The defendant shall have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims. (Macro 24EFW)

3. The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program and shall pay the costs of the program. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision. (Macro 25)

4. The defendant shall submit to periodic, unannounced examinations of his/her computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider. (Macro 25A)

5. The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer. (Macro 25C)

6. The defendant shall not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer. (Macro 25B)

7. The defendant shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet. (Macro 24SRC)

8. If, upon commencement of supervised release, any part of the $5,000 assessment pursuant to 18 U.S.C. § 3014, ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $100 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the assessment is paid in full. (Macro 16VTA)

9. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month. (Macro 24AFW)

10. The defendant shall neither possess nor have under his/her control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use. (Macro 24DFW)

11. The defendant shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month. (Macro 24BFW)

12. The defendant shall register as a sex offender with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, and is a student, providing all information required in accordance with state registration guidelines, with initial registration being completed within three business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within three business days following registration and renew registration as required by his probation officer. The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one

jurisdiction and inform that jurisdiction of all changes in the information required in the sex-offender registry. (Macro 24FFW)

*Kaleb Nix*
Kaleb Layne Nix, Defendant

Date signed 12/12/24